## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JOLENE NIXON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| ADVOCATE HEALTH & HOSPITAL | ) | |
| CORPORATION, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, JOLENE NIXON ("Nixon") by and through her attorneys, Michael Lee Tinaglia and the LAW OFFICES OF MICHAEL LEE TINAGLIA, LTD., and complaining against Defendant, ADVOCATE HEALTH & HOSPITAL CORPORATION ("Advocate"), states as follows:

## NATURE OF THE ACTION

1.      This action is brought to recover unpaid wages owed to Plaintiff pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), specifically under 29 U.S.C. § 216(b) to remedy violations of the wage and hour provisions of the FLSA by Defendant that have deprived Plaintiff of lawful wages and overtime premium wages.

2.      Plaintiff also brings this action for unpaid wages, including but not limited to overtime premium wages pursuant to the (a) Illinois Minimum Wage Law, 820 ILCS 105/1 et seq., ("IMWL") and the supporting Illinois Department of Labor Regulations, 56 Ill. Admin. Code 210 et seq., and (b) the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq., and the supporting Illinois Department of Labor Regulations, 56 Ill. Admin. Code 300 et seq.

3.     This action is also brought to recover injury and damage resulting from retaliation in violation of Section 15 (a)(3) of the FLSA (29 U.S.C. § 15(a)(3)).

## JURISDICTION AND VENUE

4.     Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1367.

5.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a).

6.     Plaintiff requests and demands a jury for all claims and legal issues.

## PARTIES

7.     Nixon is an adult individual who, at all times relevant to this Complaint, has been a citizen of the State of Illinois.  Nixon was employed by Defendant from March of 2010 through May 30, 2017 when she was terminated.

8.     At all times relevant herein, Plaintiff, Nixon was an "employee" of Advocate as that term is defined under the FLSA (29 U.S.C. § 203(e)(1)), IMWL (820 ILCS 105/3(d)), and IWPCA (820 ILCS 115/2).

9.     Throughout her employment, Nixon performed all duties assigned to her in a conscientious and competent manner.

10.    Advocate is an Illinois corporation engaged in the healthcare industry operating hospitals, and care centers throughout Illinois.

11.    At all times relevant herein, Advocate was an "employer" as that term is defined under the FLSA (29 U.S.C. § 203(d)), IMWL (820 ILCS 105/3(c)), and IWPCA (820 ILCS 115/2).

2

## FACTUAL ALLEGATIONS

12.     Nixon first began her employment with Advocate in March of 2010 as a part-time Project Manager at an hourly rate of $30.00 per hour working in the Media Center which is part of the Defendant's Public Affairs and Marketing Department.

13.     At all times throughout her employment with Defendant, the Defendant was obligated to pay Nixon in accordance with all applicable state and federal minimum wage and overtime laws because her job duties and responsibilities did not fall under any of the existing exemptions under either the federal Fair Labor Standards Act ("FLSA") or Illinois law.

14.     Throughout the term of her employment with Defendant, Defendant mis-classified Plaintiff as an independent contractor when in fact for the entire duration of Plaintiff's employment with Defendant she was an employee.

15.     Throughout the duration of her employment with Advocate, Defendant characterized Plaintiff's relationship with Defendant as that of an independent contractor even going so far as to have Plaintiff sign an agreement labeled and purporting to be an "Independent Contractor Agreement."

16.     However, under any of the tests utilized to determine whether an employment relationship or independent contractor relationship exists, Plaintiff Nixon was an employee of Defendant Advocate.

17.     Under the IRS 20 Factor Test[1], the FLSA "economic realities" Test[2] and the Illinois Employment Security Act "ABC" Test[3], Plaintiff, at all times, was an employee of Defendant.

---

[1] IRS 20 Factor Test - The IRS employs a 20 factor test to determine independent contractor status under the Internal Revenue Code. These factors generally relate to evidence of behavioral and financial control and the nature of the worker's relationship with the employer. The twenty factors are:

        a.     Whether the worker is required to follow the company's instructions.

18.     Defendant's efforts to successfully mis-classify Plaintiff as an independent contractor were intentional, willful, and deliberate, intended to avoid Defendant's obligations as an employer under applicable law.

19.     Under applicable state and federal law, any agreement, understanding or contract under which Defendant attempts or may attempt to classify Plaintiff's relationship with Defendant as that of an independent contractor is unenforceable and void as a matter of law.

20.     Notwithstanding Defendant's obligation under state and federal law to pay Plaintiff as a full-time employee with all benefits afforded to a full-time employee, including wages, overtime, health insurance, participation, contributions in 401(k) plan, vacation, paid time off, and paid lunch breaks, Defendants failed to do so.

21.     For relevant time-period prior to January 1, 2016, Plaintiff was paid at an hourly rate of $40.00 per hour.

---

b.  Whether the company provides training to the worker to accomplish the work.
c.  Whether the worker's services are integrated into the company's regular business.
d.  Whether the company requires that the worker perform the services personally, as opposed to assigning work to others.
e.  Whether the company hires, supervises and pays the worker's assistants.
f.  Whether there is a continuing relationship between the company and the worker.
g.  Whether the company sets the worker's hours.
h.  Whether the company requires the worker to work full-time.
i.  Whether the worker works at the employer's place of business.
j.  Whether the company sets the order or sequence of the worker's work.
k.  Whether the worker is required to provide oral or written status reports to the company.
l.  Whether the worker is paid by the hour, week, or month, rather than upon completion of the project.
m.  Whether the worker is reimbursed for business or travel expenses.
n.  Whether the company provides the employer with tools and materials.
o.  Whether the worker has made a significant investment in performing the services.
p.  Whether the worker can realize a profit or loss.
q.  Whether the worker works for more than one company at a time.
r.  Whether the worker makes the services available to the general public.
s.  Whether the company has the unilateral right to discharge the worker.
t.  Whether the worker has the right to terminate the relationship without being liable under contract.

[2]  The "economic realities" test includes: (1) the degree of control exercised by the hiring party over the manner in which the work is performed; (2) the relative investments by the hiring party and the worker in materials and equipment; (3) the degree to which the worker's opportunity for profit and loss is determined by the hiring party or the worker's own financial acumen and management skill; (4) the skill and initiative required in performing the job; (5) the permanency of the relationship; and (6) whether the service is an integral part of the hiring party's business.

[3]  Under the "ABC" test, a worker is an employee unless: a) The worker is free from control or direction over the performance of the services, both under contract and in fact; AND b) The services is either outside the usual course of business of the company, or is performed outside the company's place of business; AND c) The worker is engaged in an independently established trade, occupation, profession, or business. IDES auditors have indicated that, regardless of any other factors, they will presume that a worker is an employee if the worker performs services for only one company.

22.     From January 1, 2016 through May 30, 2017, Plaintiff was paid at an hourly rate of $45.00 per hour.

23.     Although Plaintiff was entitled to premium or overtime pay for all hours worked in excess of 40 in any given workweek, Defendant did not pay Plaintiff premium or overtime pay.

24.     Although Plaintiff was entitled to be paid for all straight time worked in any given workweek, Plaintiff was not paid for 30% of the actual time she worked.  In other words, in any given workweek, Plaintiff worked but was not paid for at least 8 to 12 hours.

25.     Although Plaintiff was entitled to be paid and to receive, health insurance, participation, contributions in 401(k) plan, vacation, paid time off, and paid lunch breaks, Defendants failed to do so.

26.     During the course of her employment with Defendant, Plaintiff often worked in excess of forty (40) hours per week, but she was never paid the premium rate of one and one-half times her straight hourly wage for the hours she worked in excess of forty hours in any given week.

27.     On or about May 25, 2017, Plaintiff contacted Chris Priester, Vice President of Marketing, stating in an email that she [Plaintiff] was worried about her status because she was really an employee and not an independent contractor and therefore she should be paid as an employee and given all the benefits of a full-time employee under the law, including payment for all time worked and overtime.

28.     On information and belief, on or about May 26, 2017, Chris Priester met with Plaintiff's supervisor, Mickey Ramirez and HR representative Matt Patelli and discussed

Plaintiff's claim that she was an employee and the other matters raised by Plaintiff to Chris Priester.

29.    On May 30, 2017, Micky Ramirez contacted Plaintiff for a meeting and at the meeting Micky Ramirez advised Plaintiff that her contract was terminated. Micky Ramirez told Plaintiff that she was being terminated because she challenged her status as an employee.

## COUNT I
## VIOLATION OF FLSA—OVERTIME WAGES

30.    Plaintiff reasserts and realleges and incorporates paragraphs 1 through 29 of the Complaint as and for this paragraph 30 of this Count I as if fully set forth herein.

31.    During her employment, Plaintiff was directed to work and did work in excess of 40 hours per week.  However, Plaintiff did not receive overtime wages at time and a half her regular hourly rate despite working more that forty (40) hours per week.

32.    Throughout her employment, Plaintiff's job duties and responsibilities did not render her exempt from the overtime provisions of the FLSA.

33.    Defendant knowingly misclassified and recast Plaintiff's employment relationship in an effort to avoid compliance with the terms of the FLSA

34.    Defendant's failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

35.    Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court declare Defendant to be in violation of the FLSA and:

A.   Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks;

B.   Award liquidated damages to Plaintiff in an amount equal to the amount of unpaid overtime wages;

C.   Award reasonable attorneys' fees and costs; and

D.   Grant such additional or alternative relief as this Honorable Court deems just and proper under the instant circumstances.

**COUNT II**
**VIOLATION OF IMWL-OVERTIME**

36.   Plaintiff reasserts and realleges and incorporates paragraphs 1 through 29 of the Complaint as this paragraph 36 of this Count II, as if fully set forth herein.

37.   This Count arises from Defendant's failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

38.   Defendant directed Plaintiff to work, and Plaintiff did work in excess of forty (40) hours in individual work weeks.

39.   Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

40.   Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

41.   Defendant violated the IMWL by failing to pay Plaintiff overtime wages for all hours worked in individual work weeks.

42.   Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff respectfully request that this Honorable Court declare that Defendants have violated the IMWL and

A.    Enter a judgment in the amount of overtime wages due to Plaintiff as provided by the IMWL;

B.    Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C.    Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D.    Grant such other and further relief as this Honorable Court deems just and proper under the instant circumstances.

## COUNT III
## VIOLATION OF IWPCA—
## STRAIGHT TIME AND OVERTIME AND
## ALL FULL TIME EMPLOYEE BENEFITS

43.    Plaintiff reasserts and realleges and incorporates paragraphs 1 through 29 of the Complaint as and for this paragraph 43 of this Count III, as if fully set forth herein.

44.    While Plaintiff was an employee of Defendants, Defendants violated the IWPCA by routinely failing to pay Plaintiff all of her earned wages.

45.    Defendant through its managers expressly directed Plaintiff not to record at least 30% of the hours she worked each week, resulting in Plaintiff regularly not being compensated for 8 to 12 hours of work each week.

46.    Plaintiff was mis-classified as an independent contractor when in reality under state and federal law she was a full-time employee of Defendant.

47.    As a result of the misclassification Plaintiff did not receive:

    a.   All of her earned wages;

    b.   overtime for hours worked in excess of forty (40) in a given workweek;

    c.   health insurance coverage

    d.   participation and contributions into a 401(k) plan maintained by Defendant for full time employees;

    e.   paid time off;

    f.   vacation;

    g.   paid lunch breaks and

    h.   other benefits provided to full time employees.

48.    During the course of her employment with Defendant, Plaintiff incurred costs and expenses from care and treatment rendered to her for medical care, treatment and medication by physicians, hospitals and other healthcare providers that would have been covered by the health insurance provided by Defendant to full time employees.

49.    Instead, Plaintiff was forced pay for the medical expenses out of her own funds and resources.

50.    Defendants' violations of the IWPCA were willful and intentional.

WHEREFORE, Plaintiff respectfully request that this Honorable Court declare that Defendants have violated the IWPCA and:

    A.    Enter a judgment in the amount of unpaid wages due to Plaintiff as provided by the IWPCA;

    B.    Enter a judgment in the amount of unpaid overtime due to Plaintiff as provided by the IWPCA;

C.    Enter a judgment in the amount which represents the monetary value of the

benefits Plaintiff did not receive but was entitled to as a full-time employee of

Defendant;

D.    Award statutory damages in the amount of 2% of the amount of any such

underpayments for each month following the date of payment during which such

underpayments remain unpaid as set forth in 820 ILCS 115/14(a);

E.    Award reasonable attorneys' fees and costs of this action as provided by Illinois

law; and

F.    Grant such other and further relief as this Honorable Court deems just and proper

under the instant circumstances.

## COUNT IV
## RETALIATION

51.    Plaintiff reasserts and realleges and incorporates paragraphs 1 through 29 of the

Complaint as and for this paragraph 51 of this Count IV, as if fully set forth herein.

52.    The Fair Labor Standards Act prohibits retaliation by employers against

employees for asserting rights under the FLSA in violation of Section 15(a)(3) of the Act.

53.    It is a violation of the FLSA for an employer to discharge or in any other manner

discriminate against any employee because the employee has engaged in protected activity under

the FLSA.

54.    Plaintiff's communications with Defendant's Vice President of Marketing, were

protected activities under the FLSA.

55.    Defendant terminated Plaintiff's employment with Defendant because and as a

result of Plaintiff's communication with Defendant's Vice President of Marketing.

56.     But for her protected actions and her assertion of her rights under the FLSA,

Plaintiff's employment with the Defendant would not have been terminated.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court declare Defendant to

be in violation of the FLSA and:

A.     Enter a judgment in the amount of all actual damages and harm to Plaintiff

B.     Enter a judgment in the amount of all compensatory damage and harm to

        Plaintiff;

C.     Award reasonable attorneys' fees and costs; and

D.     Grant such additional or alternative relief as this Honorable Court deems just and

        proper under the instant circumstances.


Date: September 19, 2017

                                        Respectfully submitted,

                                        Jolene Nixon, Plaintiff,

                                        By: _s/Michael Tinaglia__
                                            One of Her Attorneys

MICHAEL LEE TINAGLIA
Law Offices of Michael Lee Tinaglia Ltd.
444 N. Northwest Hwy., Suite 350
Park Ridge, IL 60068
Tel: (847) 692-0421
Fax: (847) 685-8440
mltinaglia@tinaglialaw.com