IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JOLENE NIXON,** | |
| **Plaintiff,** | Honorable Elaine E. Bucklo |
| v. | Case No. 1:17-cv-06760 |
| **ADVOCATE HEALTH & HOSPITALS CORPORATION,** | |
| **Defendant.** | |

**DEFENDANT ADVOCATE HEALTH & HOSPITALS CORPORATION'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Advocate Health and Hospitals Corporation, pursuant to Federal Rules of Civil Procedure 8 and 12, submits the following Answer and Defenses to the Complaint of Jolene Nixon.

**NATURE OF THE ACTION**

1.  This action is brought to recover unpaid wages owed to Plaintiff pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), specifically under 29 U.S.C. § 216(b) to remedy violations of the wage and hour provisions of the FLSA by Defendant that have deprived Plaintiff of lawful wages and overtime premium wages.

**ANSWER:** Advocate admits that Plaintiff purports to bring claims under 29 U.S.C. § 216(b) of the FLSA, but denies that Plaintiff has any cognizable claims under these laws. Advocate denies the remaining allegations in Paragraph 1 of the Complaint.

2.  Plaintiff also brings this action for unpaid wages, including but not limited to overtime premium wages pursuant to the (a) Illinois Minimum Wage Law, 820 ILCS 105/1 et seq., ("IMWL") and the supporting Illinois Department of Labor Regulations, 56 Ill. Admin. Code 210 et seq., and (b) the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq., and the supporting Illinois Department of Labor Regulations, 56 Ill. Admin. Code 300 et seq.

**ANSWER:** Advocate admits that Plaintiff purports to bring claims under the IMWL, 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et*

*seq.*, but denies that Plaintiff has any cognizable claims under these laws. Advocate denies the remaining allegations in Paragraph 2 of the Complaint.

3. This action is also brought to recover injury and damage resulting from retaliation in violation of Section 15 (a)(3) of the FLSA (29 U.S.C. § 15(a)(3)).

**ANSWER:** Advocate admits that Plaintiff purports to bring claims under 29 U.S.C. § 15(a)(3), but denies that Plaintiff has any cognizable claims under these laws. Advocate denies the remaining allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1367.

**ANSWER:** Advocate admits that this Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1337 and 1367.

5. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a).

**ANSWER:** Advocate admits that venue is proper pursuant to 28 U.S.C. § 1391(a).

6. Plaintiff requests and demands a jury for all claims and legal issues.

**ANSWER:** Advocate denies that Plaintiff is entitled to have a jury decide all her claims in this matter.

## PARTIES

7. Nixon is an adult individual who, at all times relevant to this Complaint, has been a citizen of the State of Illinois. Nixon was employed by Defendant from March of 2010 through May 30, 2017 when she was terminated.

**ANSWER:** Advocate admits that Plaintiff is an adult individual. Advocate is without information sufficient to form a belief as to the truth of whether, at all times relevant to this Complaint, Plaintiff has been a citizen of the State of Illinois, and therefore denies this allegation. Advocate denies the remaining allegations in Paragraph 7 of the Complaint.

8. At all times relevant herein, Plaintiff, Nixon was an "employee" of Advocate as that term is defined under the FLSA (29 U.S.C. § 203(e)(1)), IMWL (820 ILCS 105/3(d)), and IWPCA (820 ILCS 115/2).

**ANSWER:** Advocate denies the allegations in Paragraph 8 of the Complaint.

9. Throughout her employment, Nixon performed all duties assigned to her in a conscientious and competent manner.

**ANSWER:** Advocate denies the allegations in Paragraph 9 of the Complaint.

10. Advocate is an Illinois corporation engaged in the healthcare industry operating hospitals, and care centers throughout Illinois.

**ANSWER:** Advocate admits that is a health care system providing medical services in Illinois. Advocate further admits is incorporated in the State of Illinois. Advocate denies the remaining allegations of Paragraph 10 of the Complaint.

11. At all times relevant herein, Advocate was an "employer" as that term is defined under the FLSA (29 U.S.C. § 203(d)), IMWL (820 ILCS 105/3(c)), and IWPCA (820 ILCS 115/2).

**ANSWER:** Advocate admits that it is an "employer" but denies it was ever Plaintiff's employer.

## FACTUAL ALLEGATIONS

12. Nixon first began her employment with Advocate in March of 2010 as a part-time Project Manager at an hourly rate of $30.00 per hour working in the Media Center which is part of the Defendant's Public Affairs and Marketing Department.

**ANSWER:** Advocate admits the Media Center is part of Advocate's Public Affairs and Marketing Department. Advocate denies the remaining allegations in Paragraph 12 of the Complaint.

13. At all times throughout her employment with Defendant, the Defendant was obligated to pay Nixon in accordance with all applicable state and federal minimum wage and overtime laws because her job duties and responsibilities did not fall under any of the existing exemptions under either the federal Fair Labor Standards Act ("FLSA") or Illinois law.

**ANSWER:** Advocate denies the allegations in Paragraph 13 of the Complaint.

14. Throughout the term of her employment with Defendant, Defendant misclassified Plaintiff as an independent contractor when in fact for the entire duration of Plaintiff's employment with Defendant she was an employee.

**ANSWER:** Advocate denies the allegations in Paragraph 14 of the Complaint.

15. Throughout the duration of her employment with Advocate, Defendant characterized Plaintiff's relationship with Defendant as that of an independent contractor even going so far as to have Plaintiff sign an agreement labeled and purporting to be an "Independent Contractor Agreement."

**ANSWER:** Advocate admits that Plaintiff signed an Independent Contractor Agreement with

Advocate, and that Plaintiff performed services for Advocate as an independent contractor.

Advocate denies any remaining allegations in Paragraph 15 of the Complaint.

16. However, under any of the tests utilized to determine whether an employment relationship or independent contractor relationship exists, Plaintiff Nixon was an employee of Defendant Advocate.

**ANSWER:** Advocate denies the allegations in Paragraph 16 of the Complaint.

17. Under the IRS 20 Factor Test, the FLSA "economic realities" Test and the Illinois

Employment Security Act "ABC" Test, Plaintiff, at all times, was an employee of Defendant.

**ANSWER:** Advocate denies the allegations in Paragraph 17 of the Complaint.

18. Defendant's efforts to successfully mis-classify Plaintiff as an independent contractor were intentional, willful, and deliberate, intended to avoid Defendant's obligations as an employer under applicable law.

**ANSWER:** Advocate denies the allegations in Paragraph 18 of the Complaint.

19. Under applicable state and federal law, any agreement, understanding or contract under which Defendant attempts or may attempt to classify Plaintiff's relationship with Defendant as that of an independent contractor is unenforceable and void as a matter of law.

**ANSWER:** Advocate denies the allegations in Paragraph 19 of the Complaint.

20. Notwithstanding Defendant's obligation under state and federal law to pay Plaintiff as a full-time employee with all benefits afforded to a full-time employee, including wages, overtime, health insurance, participation, contributions in 401(k) plan, vacation, paid time off, and paid lunch breaks, Defendants failed to do so.

**ANSWER:** Advocate denies the allegations in Paragraph 20 of the Complaint.

21. For relevant time-period prior to January 1, 2016, Plaintiff was paid at an hourly rate of $40.00 per hour.

**ANSWER:** Advocate denies the allegations in Paragraph 21 of the Complaint.

22. From January 1, 2016 through May 30, 2017, Plaintiff was paid at an hourly rate of $45.00 per hour.

**ANSWER:** Advocate denies the allegations in Paragraph 22 of the Complaint.

23. Although Plaintiff was entitled to premium or overtime pay for all hours worked in excess of 40 in any given workweek, Defendant did not pay Plaintiff premium or overtime pay.

**ANSWER:** Advocate denies the allegations in Paragraph 23 of the Complaint.

24. Although Plaintiff was entitled to be paid for all straight time worked in any given workweek, Plaintiff was not paid for 30% of the actual time she worked. In other words, in any given workweek, Plaintiff worked but was not paid for at least 8 to 12 hours.

**ANSWER:** Advocate denies the allegations in Paragraph 24 of the Complaint.

25. Although Plaintiff was entitled to be paid and to receive, health insurance, participation, contributions in 401(k) plan, vacation, paid time off, and paid lunch breaks, Defendants failed to do so.

**ANSWER:** Advocate denies the allegations in Paragraph 25 of the Complaint.

26. During the course of her employment with Defendant, Plaintiff often worked in excess of forty (40) hours per week, but she was never paid the premium rate of one and one-half times her straight hourly wage for the hours she worked in excess of forty hours in any given week.

**ANSWER:** Advocate denies the allegations in Paragraph 26 of the Complaint.

27. On or about May 25, 2017, Plaintiff contacted Chris Priester, Vice President of Marketing, stating in an email that she [Plaintiff] was worried about her status because she was really an employee and not an independent contractor and therefore she should be paid as an employee and given all the benefits of a full-time employee under the law, including payment for all time worked and overtime.

**ANSWER:** Advocate admits that Chris Priester is the Vice President of Marketing at Advocate.

Advocate denies the remaining allegations in Paragraph 27 of the Complaint.

28. On information and belief, on or about May 26, 2017, Chris Priester met with Plaintiff's supervisor, Mickey Ramirez and HR representative Matt Patelli and discussed

Plaintiff's claim that she was an employee and the other matters raised by Plaintiff to Chris Priester.

**ANSWER:**  Advocate denies the allegations in Paragraph 28 of the Complaint.

29. On May 30, 2017, Micky Ramirez contacted Plaintiff for a meeting and at the meeting Micky Ramirez advised Plaintiff that her contract was terminated.  Micky Ramirez told Plaintiff that she was being terminated because she challenged her status as an employee.

**ANSWER:**  Advocate admits that it stopped engaging with Plaintiff for independent contractor services in or around May or June 2017.  Advocate denies the remaining allegations in Paragraph 29 of the Complaint.

## COUNT I
## VIOLATION OF FLSA—OVERTIME WAGES

30. Plaintiff reasserts and realleges and incorporates paragraphs 1 through 29 of the Complaint as and for this paragraph 30 of this Count I as if fully set forth herein.

**ANSWER:**  Advocate restates and incorporates by reference to its Answers to Paragraph Nos. 1 through 29 as its Answers to Paragraph 30 of Count I.

31. During her employment, Plaintiff was directed to work and did work in excess of 40 hours per week.  However, Plaintiff did not receive overtime wages at time and a half her regular hourly rate despite working more that forty (40) hours per week.

**ANSWER:**  Advocate denies the allegations in Paragraph 31 of the Complaint.

32. Throughout her employment, Plaintiff's job duties and responsibilities did not render her exempt from the overtime provisions of the FLSA.

**ANSWER:**  Advocate denies the allegations in Paragraph 32 of the Complaint.

33. Defendant knowingly misclassified and recast Plaintiff's employment relationship in an effort to avoid compliance with the terms of the FLSA

**ANSWER:**  Advocate denies the allegations in Paragraph 33 of the Complaint.

34. Defendant's failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

**ANSWER:**  Advocate denies the allegations in Paragraph 34 of the Complaint.

NAI-1503108144v2

35. Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

**ANSWER:** Advocate denies the allegations in Paragraph 35 of the Complaint.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court declare Defendant to be in violation of the FLSA and:

    A.    Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks;

    B.    Award liquidated damages to Plaintiff in an amount equal to the amount of unpaid overtime wages;

    C.    Award reasonable attorneys' fees and costs; and

    D.    Grant such additional or alternative relief as this Honorable Court deems just and proper under the instant circumstances.

**ANSWER:** Advocate denies that Plaintiff is entitled to the relief prayed for in Count I of the Complaint, and further denies that Plaintiff is entitled to any relief whatsoever in this action.

## COUNT II
## VIOLATION OF IMWL-OVERTIME

36. Plaintiff reasserts and realleges and incorporates paragraphs 1 through 29 of the Complaint as this paragraph 36 of this Count II, as if fully set forth herein.

**ANSWER:** Advocate restates and incorporates by reference to its Answers to Paragraph Nos. 1 through 35 as its Answers to Paragraph 36 of Count II.

37. This Count arises from Defendant's failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

**ANSWER:** Advocate denies the allegations in Paragraph 37 of the Complaint.

38. Defendant directed Plaintiff to work, and Plaintiff did work in excess of forty (40) hours in individual work weeks.

**ANSWER:** Advocate denies the allegations in Paragraph 38 of the Complaint.

39. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

**ANSWER:** Advocate denies the allegations in Paragraph 39 of the Complaint.

NAI-1503108144v2

40. Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

**ANSWER:** Advocate denies the allegations in Paragraph 40 of the Complaint.

41. Defendant violated the IMWL by failing to pay Plaintiff overtime wages for all hours worked in individual work weeks.

**ANSWER:** Advocate denies the allegations in Paragraph 41 of the Complaint.

42. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

**ANSWER:** Advocate denies the allegations in Paragraph 42 of the Complaint.

WHEREFORE, Plaintiff respectfully request that this Honorable Court declare that Defendants have violated the IMWL and

A. Enter a judgment in the amount of overtime wages due to Plaintiff as provided by the IMWL;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D. Grant such other and further relief as this Honorable Court deems just and proper under the instant circumstances.

**ANSWER:** Advocate denies that Plaintiff is entitled to the relief prayed for in Count II of the Complaint, and further denies that Plaintiff is entitled to any relief whatsoever in this action.

## COUNT III
## VIOLATION OF IWPCA—
## STRAIGHT TIME AND OVERTIME AND
## ALL FULL TIME EMPLOYEE BENEFITS

43. Plaintiff reasserts and realleges and incorporates paragraphs 1 through 29 of the Complaint as and for this paragraph 43 of this Count III, as if fully set forth herein.

**ANSWER:** Advocate restates and incorporates by reference to its Answers to Paragraph Nos. 1 through 42 as its Answers to Paragraph 43 of Count III.

44. While Plaintiff was an employee of Defendants, Defendants violated the IWPCA by routinely failing to pay Plaintiff all of her earned wages.

- 8 -

**ANSWER:** Advocate denies the allegations in Paragraph 44 of the Complaint.

45. Defendant through its managers expressly directed Plaintiff not to record at least 30% of the hours she worked each week, resulting in Plaintiff regularly not being compensated for 8 to 12 hours of work each week.

**ANSWER:** Advocate denies the allegations in Paragraph 45 of the Complaint.

46. Plaintiff was mis-classified as an independent contractor when in reality under state and federal law she was a full-time employee of Defendant.

**ANSWER:** Advocate denies the allegations in Paragraph 46 of the Complaint.

47. As a result of the misclassification Plaintiff did not receive:

a. All of her earned wages;

b. overtime for hours worked in excess of forty (40) in a given workweek;

c. health insurance coverage

d. participation and contributions into a 401(k) plan maintained by Defendant for full time employees;

e. paid time off;

f. vacation;

g. paid lunch breaks and

h. other benefits provided to full time employees.

**ANSWER:** Advocate denies the allegations in Paragraph 47 of the Complaint.

48. During the course of her employment with Defendant, Plaintiff incurred costs and expenses from care and treatment rendered to her for medical care, treatment and medication by physicians, hospitals and other healthcare providers that would have been covered by the health insurance provided by Defendant to full time employees.

**ANSWER:** Advocate denies the allegations in Paragraph 48 of the Complaint.

49. Instead, Plaintiff was forced pay for the medical expenses out of her own funds and resources.

**ANSWER:** Advocate denies the allegations in Paragraph 49 of the Complaint.

50. Defendants' violations of the IWPCA were willful and intentional.

**ANSWER:** Advocate denies the allegations in Paragraph 50 of the Complaint.

WHEREFORE, Plaintiff respectfully request that this Honorable Court declare that Defendants have violated the IWPCA and:

    A.    Enter a judgment in the amount of unpaid wages due to Plaintiff as provided by the IWPCA;

    B.    Enter a judgment in the amount of unpaid overtime due to Plaintiff as provided by the IWPCA;

    C.    Enter a judgment in the amount which represents the monetary value of the benefits Plaintiff did not receive but was entitled to as a full-time employee of Defendant;

    D.    Award statutory damages in the amount of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid as set forth in 820 ILCS 115/14(a);

    E.    Award reasonable attorneys' fees and costs of this action as provided by Illinois law; and

    F.    Grant such other and further relief as this Honorable Court deems just and proper under the instant circumstances.

**ANSWER:** Advocate denies that Plaintiff is entitled to the relief prayed for in Count III of the Complaint, and further denies that Plaintiff is entitled to any relief whatsoever in this action.

## COUNT IV
## RETALIATION

51.    Plaintiff reasserts and realleges and incorporates paragraphs 1 through 29 of the Complaint as and for this paragraph 51 of this Count IV, as if fully set forth herein.

**ANSWER:** Advocate restates and incorporates by reference to its Answers to Paragraph Nos. 1 through 50 as its Answers to Paragraph 51 of Count IV.

52.    The Fair Labor Standards Act prohibits retaliation by employers against employees for asserting rights under the FLSA in violation of Section 15(a)(3) of the Act.

**ANSWER:** Advocate admits that Plaintiff paraphrases parts of the FLSA but denies any connection to this case.

NAI-1503108144v2

53. It is a violation of the FLSA for an employer to discharge or in any other manner discriminate against any employee because the employee has engaged in protected activity under the FLSA.

**ANSWER:** Advocate admits that Plaintiff paraphrases parts of the FLSA but denies any connection to this case.

54. Plaintiff's communications with Defendant's Vice President of Marketing, were protected activities under the FLSA.

**ANSWER:** Advocate denies the allegations in Paragraph 54 of the Complaint.

55. Defendant terminated Plaintiff's employment with Defendant because and as a result of Plaintiff's communication with Defendant's Vice President of Marketing.

**ANSWER:** Advocate denies the allegations in Paragraph 55 of the Complaint.

56. But for her protected actions and her assertion of her rights under the FLSA, Plaintiff's employment with the Defendant would not have been terminated.

**ANSWER:** Advocate denies the allegations in Paragraph 56 of the Complaint.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court declare Defendant to be in violation of the FLSA and:

   A. Enter a judgment in the amount of all actual damages and harm to Plaintiff

   B. Enter a judgment in the amount of all compensatory damage and harm to Plaintiff;

   C. Award reasonable attorneys' fees and costs; and

   D. Grant such additional or alternative relief as this Honorable Court deems just and proper under the instant circumstances.

**ANSWER:** Advocate denies that Plaintiff is entitled to the relief prayed for in Count IV of the Complaint, and further denies that Plaintiff is entitled to any relief whatsoever in this action.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's claims fail, in whole or in part, to state claims upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation and/or are otherwise untimely

NAI-1503108144v2

3. Plaintiff's claims are barred, in whole or in part, because Plaintiff was not an "employee" as defined by the FLSA or Illinois law.

4. Plaintiff's claims are barred to the extent they seek remedies beyond those provided for in the FLSA, IMWL and IWPCA.

5. Plaintiff's claims fail to the extent she claims unpaid overtime wages during any period of time she worked less than forty (40) hours a week under the FLSA and/or IMWL.

6. Advocate acted in good faith and with reasonable grounds for believing that it was not in violation of the FLSA or Illinois law.

7. Advocate acted in good faith, in conformity with, and in reliance on written rulings, opinion letters or enforcement policies of the Administrator of the Wage and Hour Division of the Department of Labor.

8. No act or omission of Advocate alleged to have violated the FLSA or Illinois law was willful, knowing, or in reckless disregard of the provisions of the applicable law.

9. Plaintiff's IWPCA claims fail because she was paid for all hours she submitted pursuant to her Independent Contractor Agreement.

10. Plaintiff's claims are barred, in whole or in part, as to all hours during which Plaintiff was engaged in activities that were preliminary or postliminary to her principal activities.

11. Plaintiff's claims are barred, in whole or in part, to the extent the time periods for which she is claiming entitlement to overtime pay fall within the *de minimis* exception.

12. Plaintiff's alleged damages are subject to the doctrines of payment, mitigation, and offset. Specifically, any amount due to Plaintiff should be set off by overpayments she received from Advocate.

13. Plaintiff's claims are barred, in whole or in part, because she failed to demand payment.

14. The damages allegedly suffered and sustained by Plaintiff were occasioned in whole or in part by her own actions.

15. Plaintiff's claims are barred, in whole or part, to the extent she breached her Independent Contractor Agreement, or any agreements, contracts, covenants, or duties which might be found to have existed.

16. Plaintiff's claims are estopped to the extent Advocate lacked actual or constructive knowledge of the hours Plaintiff worked due to inaccurate or misleading information regarding hours worked provided by Plaintiff.

17. Plaintiff's claims are barred, in whole or in part, based upon the equitable doctrine

NAI-1503108144v2

of unclean hands to the extent she violated her Independent Contractor Agreement or knowingly failed to submit all hours worked in order to bring this case.

18. Plaintiff is not entitled to have a jury decide all of her claims in this lawsuit.

Advocate reserves the right to assert and rely on such other defenses as may become available or apparent during the course of discovery and to amend its answer to assert such additional defenses.

WHEREFORE, Advocate respectfully requests that this Court dismiss the Complaint with prejudice and award Advocate its costs and attorneys' fees.


Dated: November 20, 2017    Respectfully submitted,

s/ Jennifer W. Plagman
Efrat R. Schulman (6280999)
eschulman@jonesday.com
Jennifer W. Plagman (6313737)
jplagman@jonesday.com
JONES DAY
77 West Wacker
Chicago, IL 60601-1692
Telephone:   (312) 782-3939
Facsimile:    (312) 782-8585

*Attorneys for Defendant Advocate Health and Hospitals Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2017, I electronically filed the foregoing Defendant Advocate Health & Hospitals Corporation's Answer and Defenses to Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record at his e-mail address on file with the Court:

    Michael Lee Tinaglia
    mltinaglia@tinaglialaw.com

    s/ Jennifer W. Plagman
    *One of the Attorneys for Defendant Advocate Health and Hospitals Corporation*